**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

UNITED STATES OF AMERICA,

v.  CASE NO: 8:15-cr-337-T-36TBM

JOSHUA ANTHONY RIVERA,

---

**ORDER**

This matter comes before the Court upon Defendant Joshua Anthony Rivera's Motion for Judgment of Acquittal pursuant to Fed. R. Crim. P. 29(c) (Doc. 107). The Government filed a response in opposition (Doc. 112). The Court, having considered the parties' submissions, and being fully advised in the premises, will now deny the Motion.

**I.  BACKGROUND**

The Superseding Indictment charged Defendant with five counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); two counts of brandishing a short-barreled shotgun in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and one count of felon-in-possession of a firearm and ammunition, in violation of 18 U.S.C.§922(g)(1). *See* Doc. 31.

The weekend before trial, the Defendant moved to dismiss the two Section 924(c) counts. *See* Doc. 78. Following briefing and oral argument, the Court orally denied the motion and entered an Order. *See* Docs. 86, 125. After a four-day trial, a jury found the Defendant guilty of four of the Hobbs Act robbery counts, both counts of brandishing a short-barreled shotgun in furtherance of a crime of violence, and the felon-in-possession count. *See* Doc. 99.

Defendant's current motion again seeks to dismiss the two section 924(c) counts. Specifically, Defendant contends that Section 924(c)'s Residual Clause is void for vagueness in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See* Doc. 107 at 2. He also argues that,

applying the categorical approach, Hobbs Act robbery categorically cannot serve as a predicate "crime of violence" under § 924(c)'s Elements Clause and suggests that the modified categorical approach also does not apply. *See* Doc. 107 at 3. In addition, the Defendant reasserts all objections, legal grounds and arguments made during trial and in Doc. 78.

## II.   LEGAL STANDARD

The court may set aside a guilty verdict and enter a judgment of acquittal if it finds the evidence insufficient to sustain a conviction. Fed. R. Crim. P. 29(c). In deciding a Rule 29 motion, a district court must "determine whether, viewing all evidence in the light most favorable to the Government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict, a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt." *U.S. v. Grigsby*, 111 F.3d 806, 833 (11th Cir. 1997) (quoting *U.S. v. O'Keefe*, 825 F.2d 314, 319 (11th Cir. 1987)). To challenge a jury's guilty verdict on the ground of insufficiency of the evidence, it must be established that "no reasonable jury could have found Defendant guilty beyond a reasonable doubt on the evidence presented." *U.S. v. Ruiz*, 253 F.3d 634, 639 (11th Cir. 2001).

## III.  DISCUSSION

The Eleventh Circuit has determined that whether an offense is a "crime of violence" for purposes of 18 U.S.C. § 924(c) is a question of law. See e.g. *United States v. McGuire*, 706 F.3d 1333, 1336 (11th Cir. 2013). Section 924(c) prohibits knowingly (1) using or carrying a firearm during and in relation to a "crime of violence" that may be prosecuted in federal court; or (2) possessing a firearm in furtherance of any such crime. 18 U.S.C. § 924(c)(1)(A)(ii). The statue defines "crime of violence" as any felony:

    (A) [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

    (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. §924(c)(3). Subsections (A) and (B) are commonly referred to as the "Elements and/or Use of Force Clause" and the "Residual Clause," respectively.

Under the Hobbs Act:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 1951(a). "Robbery," in turn, means:

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(b)(1).

    **A.**    **Residual Clause and *Johnson***

The Defendant contends that § 924(c)'s Residual Clause is unconstitutionally vague in light of *Johnson*. The Eleventh Circuit has yet to determine whether *Johnson* applies to the residual clause set out in 18 U.S.C. §924(c)(3)(B). *See In re Pinder*, 824 F.3d 977, 978 (11th Cir. 2016) (recognizing that it is an open question whether *Johnson* applies to the residual clause set out in 18 U.S.C. §924(c)(3)(B)). In *Johnson v. United States*, 135 S.Ct. 2551, 2563 (2015), the Supreme Court held that the Armed Career Criminal Act's ("ACCA") Residual Clause [1] was

---

[1] 18 U.S.C. § 924(e)(2)(B)(ii) states in part: "…or otherwise involves conduct that presents a serious potential risk of physical injury to another..."

unconstitutionally vague because there were many "uncertainties" in the ACCA residual clause that "may [have been] tolerable in isolation," but in combination led to the conclusion that the clause was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557, 2560.  The Court's holding reached only the ACCA's Residual Clause.  The Court rejected the concerns of the United States and the dissent that "to hold the [ACCA] residual clause unconstitutional is to place [other risk-base] provisions in constitutional doubt." *Id*. at 2561.

*Johnson* is distinguishable from the present case because several of the factors that caused the Supreme Court to find the ACCA's Residual Clause vague are not present in the Residual Clause of § 924(c)(3)(B).  Section 924(c)'s risk of physical force is narrower than the ACCA's risk of physical injury to another.  In addition, "unlike the ACCA Residual Clause, the Residual Clause at issue here: (i) is not preceded by four enumerated offenses that create uncertainty about how much risk it takes from a crime to qualify as a violent felony, (ii) has not created significant disagreement among lower courts, and (iii) has not been subject to several failed attempts by the Supreme Court to construe the clause in a principled and objective manner." *U.S. v. McDaniels*, 147 F. Supp. 3d 427, 436 (E.D. Va. 2015) (internal quotation marks omitted).  Also, the *Johnson* case was the fifth case in a series of attempts to construe the ACCA Residual Clause.  Thus, the Supreme Court concluded in *Johnson* that the "persistent efforts" in the prior four cases "to establish a [principled and objective] standard provide[d] evidence of vagueness" in the ACCA Residual Clause. *Id.* at 2558-59 (internal quotation marks and citation omitted).  In contrast to the ACCA's Residual Clause, Section 924(c)(3)(B)'s Residual Clause has not been subject to repeated failures to construe it in a principled and objective way, and therefore does not lead to applications that are "unexpected and indefensible by reference to the law which had been [previously] expressed." *McDaniels*, 147 F. Supp. 3d at 436 (citation omitted).

4

Although the Eleventh Circuit has not addressed whether Section 924(c)'s Residual Clause is void for vagueness in light of *Johnson*, other Circuits have addressed this issue. For instance, the Second, Sixth and Eighth Circuits have found that *Johnson* did not invalidate § 924(c)'s Residual Clause. *See United States v. Hill,* 2016 U.S. App. LEXIS 14118, *5 (2d Cir. Aug. 3, 2016), *United States v. Taylor*, 814 F.3d 340, 375-379 (6th Cir. 2016) and U*nited States v. Prickett*, 2016 WL 4010515, at *1-2 (8th Cir. July 27, 2016). On the other hand, the Fifth, Sixth, Seventh and Ninth Circuits have invalidated 18 U.S.C. § 16(b) under *Johnson'*s reasoning. *See United States v. Gonzalez-Longoria*, 813 F.3d 225, 226-227 (5th Cir. 2016); *Shuti v. Lynch*, 2016 U.S. App. LEXIS 12500, *12 (6th Cir. July 7, 2016); *United States v. Vivas-Ceja*, 808 F.3d 719, 723 (7th Cir. 2015) and *Dimaya v. Lynch*, 803 F.3d 1110, 1120 (9th Cir. 2015). Review of these cases indicates that the law is very unsettled as to whether *Johnson* invalidates convictions that relied on the residual clause of § 924(c) or other residual clauses. This Court need not decide this issue, because, as discussed *infra*, Defendant's convictions for Hobbs Act robbery, which were charged in the same indictment as the § 924(c) count, qualify as a crime of violence under the use-of-force clause in § 924(c)(3)(A).

      **B.**    **Crime of Violence Under the Use of Force/Elements Clause**

Defendant contends that applying the categorical approach, Hobbs Act robbery categorically cannot serve as a predicate "crime of violence" under §924(c)(3)(A)'s "Use of Force/Elements Clause" and suggests that the modified categorical approach does not apply to this case. Recently, in *In re Saint Fleur*,[2] ---F.3d---, 2016 WL 3190539, at *3-4 (11th Cir. June 8, 2016), the Eleventh Circuit clarified this issue finding that Hobbs Act robbery clearly qualifies as a "crime of violence" under the "use of force clause" in § 924(c)(3)(A). More recently, in *In re*

---

[2] *In re Saint Fleur* and *In re Gordon* are decisions published by a three-judge panel denying an application for a second or successive habeas petition.

5

*Gordon*, ---F.3d---, 2016 WL 3648472, at *4 (11th Cir. July 8, 2016), the Eleventh Circuit confirmed that *Saint Fleur* controls and Hobbs Act robbery clearly qualifies as a crime of violence under the use of force clause §924(c)(3)(A). Also, numerous district courts have found that Hobbs Act robbery is a crime of violence under Section 924(c)'s Elements Clause under both the categorical and modified categorical approaches. *See United States v. Tsarnaev*, ---F. Supp. 3d---, 2016 WL 184389, at *18 (D. Mass. Jan 15, 2016); *United States v. Standberry*, 139 F. Supp. 3d 734, 739-741 (E.D. Va. 2015) (modified approach).

Here, the jury found that the defendant brandished a short-barreled shotgun in furtherance of the Hobbs Act robberies underlying Counts Two and Six. *See* Jury Verdict Form; Doc. 99 at 2-3. The term "brandish" means "to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person." 18 U.S.C. § 924(c)(4). As the Government correctly points out, displaying a firearm in order to intimidate someone else satisfies all three means of committing Hobbs Act robbery. Thus, under either approach, the Hobbs Act robberies committed in this case were crimes of violence for purposes of § 924(c) under the Use of Force/Elements Clause.

After careful consideration, the evidence, viewed in the light most favorable to the Government, was sufficient for a reasonable jury to find the Defendant guilty beyond a reasonable doubt. Therefore, the Defendant's motion for judgment of acquittal will be denied. Likewise, the Court's ruling on all other previous arguments made prior to and during trial shall remain as stated prior to or during the course of the trial.[3]

---

[3] Defendant's argument is made generally as to all previous arguments. Therefore, the Court is unable to address the arguments with any specificity.

Accordingly, it is hereby **ORDERED**:

Defendant's Motion for Judgment of Acquittal (Doc. 107) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on August 17, 2016.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies: All Parties of Record